UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RANDY LAULES MAGGARD,<br><br>Defendant. | Case No. 1:22-cv-00218-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Randy Maggard's pro se request for an adjustment to his sentence. *See Letter,* Dkt. 41. He says the Bureau of Prisons (BOP) failed to credit him with 277 days he spent in custody prior to sentencing, and that this was not the Court's intent as expressed during the sentencing hearing. The government opposes the motion. For the reasons explained below, the Court has no choice but to deny the motion—even though defendant's sentence did not work out as the Court and the parties anticipated at the time of sentencing. The Court will, however, issue an amended order clarifying its intention regarding Mr. Maggard's sentence and refining the recommendation made to the Bureau of Prisons regarding credit for time served. The Court acknowledges that this refined recommendation is just that—a recommendation BOP has no obligation to follow.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

On August 22, 2022, Maggard was arrested for various state offenses, including possession of a controlled substance with intent to deliver. The conduct leading to his state arrest formed the basis for his later charges in this case. At the time he committed this offense, Maggard was on state probation for an earlier conviction. Not surprisingly, then, four days after the August 22, 2022 arrest, the state filed a petition to revoke probation on that earlier case. *See Aug. 26, 2022 Petition in Canyon County Case No. CR14-21-13034*, Dkt. 27-4.

On October 13, 2022—roughly two months after the state revocation petition was filed—a federal grand jury returned an indictment charging Maggard with possessing fentanyl with intent to distribute, in violation of 21 U.S.S. §§ 841(a)(1) and (b)(1)(B). The state then dropped the charges underlying Maggard's August 22, 2022 arrest. But the revocation petition nonetheless moved forward, and on November 7, 2022, the state court sentenced Maggard to five years' incarceration (two years fixed) for having violated the terms of his probation. *See PSR* ¶ 36, Dkt. 30.

Meanwhile, the federal case proceeded. On December 15, 2022 (while serving his state sentence), Maggard appeared in this Court for an arraignment. He remained in federal custody until his August 8, 2023 sentencing hearing. At that time, the Court sentenced Maggard to 84 months' imprisonment, to run

MEMORANDUM DECISION AND ORDER - 2

concurrently with the five-year term of imprisonment the state court had imposed in connection with revoking probation.

In the leadup to the federal sentencing hearing—and during the hearing itself—the parties explicitly discussed the 351 days Maggard had served before this Court imposed sentence (*i.e.*, the 351 days between his August 22, 2022 arrest and the August 8, 2023 sentencing). Maggard requested a 351-day downward adjustment to his federal sentence, arguing that all time served between August 22, 2022 and August 8, 2023 was relevant conduct to his federal offense of conviction. In making this request, he relied on Section 5G1.3(b) of the United States Sentencing Guidelines, which provides:

> If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . , the sentence for the instant offense shall be imposed as follows:
>
> (1) The court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) The sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).

The government objected to Maggard's request, requesting instead "that the Court only grant credit from December 15, 2022, *i.e.,* the date Defendant was

**MEMORANDUM DECISION AND ORDER - 3**

ordered detained in federal custody." Dkt. 29, at 8. In other words, the government was fine with 236 days' worth of credit (December 15, 2022 to August 8, 2023), but it was not okay with 351 days (August 22, 2022 to August 8, 2023). Here is the relevant section of the government's brief submitted to the Court before the sentencing hearing:

> Defendant requests credit for time served beginning on August 22, 2022, when he was arrested for the conduct he claims was related to the instant offense. ***The Government objects to Defendant's request and asks that the Court only grant credit from December 15, 2022, i.e. the date Defendant was ordered detained in federal custody.***
>
> Defendant argues that under U.S.S.G. § 5G1.3(b) the Defendant should get credit for the time served for his arrest on August 22, 2022, because that period of imprisonment can be attributed to relevant conduct. However, the applicable guideline section to the sentence Defendant served between August 22, 2022 and December 15, 2022, is U.S.S.G. § 5G1.3(a). There, the Guidelines state that "[i]f the instant offense was committed while the defendant was serving a term of imprisonment, or after sentencing for, but before commencing service of, such term of imprisonment, the sentence of the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." *Id*. As the Government argued above, *Johnson* [*v. United States,* 529 U.S. 694 (2000)] clarified that sentences attributed to probation revocations are considered part of the original sentence even if the underlying acts are part of a separate prosecution. *Johnson* at 700-701. The same reasoning follows here. Because Defendant remained in state custody pending the resolution of his probation violation prosecution, the time served for that offense should not be considered as credit for the instant offense.
>
> Even though Defendant was indicted on October 13, 2022, he did not appear for his arraignment nor was he taken into federal custody until December 15, 2022. The time between his arrest in August of 2022, and his federal arraignment was served in relation to the probation violations he had committed and the subsequent revocation. He

**MEMORANDUM DECISION AND ORDER - 4**

admitted to those violations and was sentenced to two years fixed on November 7, 2022. The Government then filed a Writ to have him transferred into federal custody to face his pending charges. ***Based on the above, Defendant should only receive credit for the time he has served since being taken into federal custody.***

*Gov't Response Br.*, Dkt. 29, at 8-9 (emphasis added).

To reiterate, then, at the time of sentencing, it appears that the government believed Maggard would receive credit against his federal sentence for the 236 days he had served in federal custody between December 15, 2022 and August 8, 2023.

As noted above, the Court sentenced Maggard to 84 months' imprisonment, to run concurrently with the state term of imprisonment Maggard was serving for having violated probation. The Court also made the following recommendation related to credit for time served:

> The Court makes the following recommendations to the Bureau of Prisons:
>
> *The defendant will be credited with all time served in federal custody* and will be placed in a facility in Sheridan, Oregon. It is recommended the defendant participate in the RDAP program while incarcerated and for the state parole board to parole the defendant to the Bureau of Prisons.

*Judgment,* Dkt. 36, at 2.

Things apparently haven't worked out that way the parties or the Court had anticipated: Maggard reports that BOP credited him with 77 days he spent in custody from August 22, 2022 through November 6, 2022 but did not credit him

with the 277 days between November 7, 2022 and August 8, 2023.[1] Accordingly,

he asks the Court for "help to correct time computation." *Letter,* Dkt. 41, at 1.

## ANALYSIS

The Court has no choice but to deny Maggard's motion. The authority to

award credit for time served lies exclusively with the Bureau of Prisons, not the

sentencing court. *United States v. Wilson*, 503 U.S. 329, 333–35 (1992). Under 18

U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term

of imprisonment for any time he has spent in official detention prior to the date the

sentence commences," but only if that time "has not been credited against another

sentence." The Ninth Circuit has confirmed that courts cannot themselves grant

credit; they may only recommend that BOP do so. *See, e.g., United States v.

Peters*, 470 F.3d 907, 909 (9th Cir. 2006).

The Court contemplated whether it might be able to afford relief under

Federal Rule of Criminal Procedure 36. It cannot do so. Rule 36 allows for

correction of "clerical" errors or omissions, not substantive adjustments to the

length of a sentence. The judgment here accurately reflects what the Court orally

pronounced: a sentence of 84 months, concurrent with the Canyon County

---

[1] The Court notes that the count appears to be a little off: (1) There are 76 days (not 77) between August 22, 2022 and November 6, 2022; and (2) there are 274 days (not 277) between November 7, 2022 and August 8, 2023.

probation-revocation sentence, with a recommendation that BOP credit Maggard with time spent in federal custody. Even if all parties assumed at sentencing that BOP would credit time beginning December 15, 2022, that mistaken assumption was not a clerical slip. Accordingly, Rule 36 does not apply.

It also appears BOP has applied § 3585(b) in line with the statute and precedent. The record indicates that BOP credited Maggard with 77 days of pre-revocation custody (presumably from August 22, 2022 through November 7, 2022), but declined to credit the time from November 8, 2022 through August 8, 2023 because that time was credited to his state probation-revocation sentence.

Finally, the Court will observe that this is an unusual case in that the government initially failed to address its earlier representation that "Defendant should only receive credit from December 15, 2022, *i.e.*, the date Defendant was ordered detained in federal custody." Dkt. 29, at 8. In a supplemental brief, however, the government made the following statement: "The Government acknowledges that the parties at sentencing were mistaken as to the credit that the Defendant would receive, likely because the issue of whether the sentence would run concurrently with the probation violation was conflated with the issue of whether the Defendant would be given credit for time already served in federal custody after being sentenced for his state probation violation." *Gvt. Supp. Br.*, Dkt. 47, at 2-3.  Nevertheless, says the government, "at this stage the Court does

MEMORANDUM DECISION AND ORDER - 7

not have authority to adjust or reduce the Defendant's sentence." *Id.* at 3.

Ultimately, the Court agrees with the government. Its hands are tied. As explained

above, the Court has no jurisdiction to adjust Maggard's sentence or award credit

directly. The Court will, however, accept Maggard's invitation to issue an

amended judgment with a more detailed, clarifying recommendation. In a

supplemental brief—filed with the assistance of counsel—Maggard asked the

Court to issue an amended judgment with this language:

> The Court clarifies that it intended for the federal sentence imposed
> on August 8, 2023, to run fully concurrent with the undischarged state
> sentence in Canyon County Case No. CR14-21-13034, Dkt. 27-4,
> effective as of November 7, 2022. Pursuant to 18 USC § 3621(b) the
> court recommends the BOP designate nunc pro tunc the Washington
> County Jail as the place of service of the federal sentence for the
> period of December 15, 2022, to August 8, 2023, so that the sentence
> runs as intended and the BOP credits this time against his federal
> sentence.

*Defendant's Supp. Br.,* Dkt. 48, at 6-7.

This language is in fact consistent with the Court's intent. That said—and as

Maggard recognizes—"given the applicable law, it is highly unlikely that BOP will

recognize it as having any impact on its calculation." *Id.* at 7. If, in fact, the BOP

does not change its calculation, the Court can afford no relief. Rather, the

appropriate avenue for relief would then be through BOP's administrative remedy

program, followed—if necessary—by a habeas petition under 28 U.S.C. § 2241 in

the district of confinement.

MEMORANDUM DECISION AND ORDER - 8

**ORDER**

**IT IS ORDERED that** Defendant's letter request (Dkt. 41) is **DENIED.**

The Court will, however, issue an amended judgment clarifying its intention and refining the recommendation regarding credit for time served.

DATED: May 4, 2026

B. Lynn Winmill
U.S. District Court Judge